FILED

2025 Jul-28  AM 10:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL GUNTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **GERALD LIVINGSTON AND** | ) | |
| **LIVINGSTON HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, MICHAEL GUNTER, by and through undersigned Counsel, files his Complaint against Defendants, GERALD LIVINGSTON AND LIVINGSTON HOLDINGS, LLC, and, in support thereof, states as follows:

### INTRODUCTION

Plaintiff, Michael Gunter, is an adult male who is visually impaired. He was seeking to find a place to live near his again parent's home in Albertville, Alabama. After he applied for an apartment and had been invited to view the apartment personally, the apartment complex owner, Defendant, Gerald Livingston, denied

1

renting an apartment to Plaintiff because he is and was blind, in violation of the Fair Housing Act.

## JURISDICTION AND VENUE

1. The Court has original jurisdiction pursuant to 11 U.S.C. § 1331, 42 U.S.C. § 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*.

2. Venue is proper in the Northern District of Alabama, Northeastern Division, under 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

## PARTIES

3. Plaintiff MICHAEL GUNTER (hereinafter "Gunter" or "Plaintiff") is an individual above the age of nineteen (19) years and is a resident of Marshall County, Alabama and is *sui juris*.

4. Defendant GERALD LIVINGSTON (hereinafter "Livingston" or "Defendant") is an individual above the age of nineteen (19) years and is a resident of Marshall County, Alabama.

5. Defendant, LIVINGSTON HOLDINGS, LLC (hereinafter "Livingston Holdings" or "Defendant") is a Limited Liability Company formed and doing business in Marshall County, Alabama and owns, and, at the relevant time period,

2

owned the property upon which the apartment complex at issue in this case is located.

### FACTUAL AVERMENTS

6. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 5, as if fully set out herein.

7. Plaintiff, Michael Gunter, is a 52-year-old male and is blind and is, therefore, considered "handicapped" under 42 U.S.C. § 3602(h).

8. Governor's Place Apartments is a two story, multi-unit apartment building constructed in 2014 located at 2598-2610 George Wallace Drive, Albertville Alabama

9. Defendant, Livingston Holdings, owns, and, at the relevant time, owned the property upon which Governor's Place Apartments is located.

10. Livingston personally operates Governor's Place Apartments and engages in the business of renting the apartments..

11. In or around June 2023, Mr. Gunter began searching for a living situation that would grant him independence and stability outside the home of his aging parents.

12. Mr. Gunter reached out for assistance with finding affordable housing through the Albertville Housing Authority ("AHA"), an organization which helps

3

provide affordable house to low and moderate income households through public housing programs.

13. In or around mid-June 2023, after completing the required application process, Mr. Gunter was contacted by phone by Rosie (l.n.u.), an employee of AHA, who informed Mr. Gunter that an apartment was available for rent in an AHA approved apartment complex, Governor's Place Apartments, on George Wallace Drive in Albertville, Alabama.

14. Defendant Livingston told Mr. Gunter the following day to come by the apartment complex and pick up a rental application. Mr. Gunter did not tell Livingston he was visually impaired or disabled.

15. The next day, Mr. Gunter was unable to personally pick up an application due to illness; so his friend, William Monk, picked up the application instead, as well as a business card for Gerald Livingston, that showed Livingston's business address as "Marshall Industrial Supply, Inc., 5109 Porter Harvey Dr., P.O. Box 177, Guntersville, Al 35976."

16. In or around early August 2023, Mr. Gunter, with the help of his mother, completed the rental application and returned the completed application to Governor's Place Apartments complex office, but Livingston was not there at the time.

17. On or around August 16, 2023, Livingston placed a call to Mr. Gunter and advised the rental application was "all good." At that time, Mr. Gunter told Livingston he wanted to see the available apartment.

18. Governor's Place Apartments property maintenance manager, Jimmy (l.n.u.), set up an appointment for Mr. Gunter to personally view the apartment on August 18, 2023 at 9:30 am. At that time, Mr. Gunter informed Jimmy he was visually impaired.

19. When Mr. Gunter was on his way to the apartment on August 18, 2023, Jimmy called Mr. Gunter and told Mr. Gunter he had overheard a conversation between Livingston and Livingston's lawyer. Jimmy said, "There is no need in you coming. He [Gerald Livingston] will not rent to you because you are handicapped. His lawyer said that he doesn't have to rent to you. The apartment is not ADA compliant, and he doesn't have to."

20. Mr. Gunter, his mother and his father did go to the apartment complex despite Jimmy's warning. Jimmy repeated the same thing in person he had told Mr. Gunter on the telephone. Mr. Gunter was refused the opportunity to visit the available apartment due to his disability.

21. The reason Mr. Gunter's application was not even considered by Livingston was because Mr. Gunter was visually impaired.

22.    Mr. Gunter has the ability to live successfully in a community environment. There is no reason to believe his lack of vision would cause any erratic incidents, disorderly behavior, a hostile or an unsafe environment for Mr. Gunter or his potential neighbors.

23.    Mr. Gunter is able to successfully live in an apartment, even if it is not considered "ADA compliant."

24.    With the assistance of the AHA, there is no reason to believe Mr. Gunter would be unable to pay his monthly rent.

25.    Gerald Livingston considered Mr. Gunter's rental application only when he did not know Mr. Gunter was visually impaired or disabled. Livingston refused to rent to Mr. Gunter simply because of Mr. Gunter's disability, and Livingston did not offer any other accommodation.

26.    As a result of Defendants' actions described above, Plaintiff suffered and continues to suffer irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and deprivation of his right to equal housing opportunities regardless of his disability. Plaintiff suffered actual damages including, but limited to, not being able to find adequate housing and continuing to reside out of necessity in housing that is not equivalent to the residence offered by Defendants.

6

**CAUSES OF ACTION**

**COUNT I**
**Discrimination Under Title VIII of the Civil Rights Act of 1968**
**Violation of the FAIR HOUSING ACT, 42 U.S.C. § 3601, *et seq* ("FHA")**

27.     Plaintiff realleges and incorporates by reference, paragraphs 1 through 26, as if fully stated herein.

28.     The foregoing conduct of the Defendants in discrimination in the rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a disability, is discrimination and unlawful.

29.     Defendants' conduct in denying Plaintiff his right to lease an apartment because of his vision impairment is discriminatory and unlawful.

30.     Defendants' statements, with respect to the rental of a dwelling that indicated any preference, limitation, or discrimination based upon disability and their affirmative intention to make any such preference, limitation or discrimination is unlawful.

31.     Defendants' representation to Plaintiff that the dwelling of his choosing, or other units in the building, were not available for rental, when such dwelling was, in fact, so available is discriminatory and unlawful.

32.     Defendants' actions were in total and reckless disregard of Plaintiff's rights and indifferent to the medical condition or needs of Plaintiff. As a result of

this unlawful discrimination, Plaintiff has suffered injury, damages, mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, and humiliation. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

33.    Plaintiff was in need of housing and would have liked to have the opportunity to live in Governor's Place Apartments, or any other apartments managed by Defendants in the future.

WHEREFORE, Plaintiff demands judgment against Defendants to enjoin Defendants from discriminating against Plaintiff and preventing discrimination against disabled individuals in all of their premises in the future as follows:

   a. That the Court declare that the actions of Defendants violated the Fair Housing Amendments Act by discriminating against persons with disabilities;

   b. That the Court enjoin Defendants from discriminating against Plaintiff, or other persons, because of their disability;

   c. That the Defendants allow Plaintiff to rent an apartment free from discrimination, if Plaintiff so chooses;

   d. An award of appropriate compensatory and punitive damages to Plaintiff against Defendants to compensate Plaintiff for his actual

damages and for the humiliation, embarrassment and emotional distress caused by the Defendants' discriminatory actions;

e. An award of appropriate compensatory and punitive damages to Plaintiff; and

f. An award of attorneys' fees and costs.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the 25th day of July 2025.

/s/ Teri Ryder Mastando
Teri R. Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
*Attorneys for Plaintiff*
MASTANDO & ARTRIP, LLC
301 Holmes Ave. NE, Ste. 100
Huntsville, Alabama 35801
P: (256) 532-2222
F: (256) 513-7489
*teri@mastandoartrip.com*
*artrip@mastandoartrip.com*

9

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

Gerald Livingston
2100 Wyeth Dr.
Guntersville, AL 35976

LIVINGSTON HOLDINGS, LLC
c/o Gerald L. Livingston, Registered Agent
2100 Wyeth Dr.
Guntersville, AL 35796

/s/ Teri Ryder Mastando
Teri Ryder Mastando